IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

___

| | |
|---|---|
| NANCY A. MILLER, a citizen and resident of Knox County, Tennessee, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) |
| Defendant. | ) ) |

___

# COMPLAINT
___

Comes now the Plaintiff, Nancy A. Miller, by and through counsel, and for cause of action would state as follows:

## JURISDICTION

1. The Plaintiff, Nancy A. Miller, is a citizen and resident of Blount County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendant Sun Life Assurance Company of Canada ("Sun Life") is a foreign corporation doing business within the State of Tennessee. Defendant's principal place of business is One Sun Life Executive Park, Wellesley Hills, MA 02481-5699. Defendant may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times Defendant acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Plaintiff brings this action to recover benefits due for her Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

4. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

6. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

7. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

8. The Defendant is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

## FACTS

11. Plaintiff previously worked for NHC Farragut as a registered nurse. As a benefit of her employment, Plaintiff was covered under NHC Farragut's short term disability plan and long term disability plan. Defendant provided coverage for NHC Farragut's long term disability plan.

12. Plaintiff subsequently left employment with NHC Farragut. Plaintiff exercised her option to convert her long term disability insurance coverage through the Defendant. This

conversion coverage was confirmed by letter of the Defendant of November 1, 2011.

13. Plaintiff developed certain physical and mental conditions that made it difficult for her to work despite several attempts at other work. Ultimately, Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

14. In or about October of 2012, Plaintiff ceased working due to a long term disability and submitted a claim to Defendant for long term disability benefits.

15. In April of 2013, Plaintiff received a letter from Defendant indicating that her claim for Long Term Disability was denied.

16. Plaintiff timely appealed the denial and cessation of her benefits.

17. By letter dated December 23, 2013, Defendant sent a letter informing Plaintiff of the appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

18. Defendant's decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

19. Defendant has failed to provide long term disability benefits due Plaintiff under the Policy.

20. Defendant has failed to discharge its fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendant has breached its fiduciary duties, responsibilities,

and obligations imposed upon it under ERISA.

  B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

  C. Order Defendant to pay Plaintiff back benefits due under the Policy.

  D. Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay the amounts it has earned on the money wrongfully withheld from her as other equitable relief.

  E. Order Defendant to pay Plaintiff the costs of her suit and reasonable attorney fees.

  F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 28th day of January, 2014.

s/ John P. Dreiser<br>
John P. Dreiser (BPR #020743)<br>
Attorney for the Plaintiff<br>
1356 Papermill Pointe Way<br>
Knoxville, TN 37919<br>
(865) 584-1211